## No. 11,150

### Orleans

---

## GULF COAL AND COKE CO., INC. v. DENNIS SHEEN TRANSFER, INC.

---

(Feb. 27, 1928. Opinion and Decree.)

---

*(Syllabus by the Court)*

1. **Louisiana Digest—Negligence—Par. 25.**
When plaintiff's negligence has caused the damage of which he complains he cannot recover.

Appeal from First City Court. Hon. Val J. Stentz, Judge.

Action by Gulf Coal and Coke Co., Inc., against Dennis Sheen Transfer, Inc.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

Legier, McEnerny & Waguespack, of New Orleans, attorneys for plaintiff, appellee.

Doyle, Unsworth and H. M. Mayo, Jr., of New Orleans, attorneys for defendant, appellant.

CLAIBORNE, J.  Plaintiff claims of defendant $162.50 for killing a mule.

It alleged that on November 18th, 1926, at 11 a. m., one John Butler, its agent and employee, was driving one of its wagons drawn by one mule proceeding up the right side of Howard street; that after it had passed Melpomene street a large wagon loaded with rails, owned by defendant and driven by one John Jacob, its employee, down Howard street, swerved negligently over to his left on the side reserved for traffic moving up the street and that the wheel of defendant's wagon or a projecting rail passed over the left front foot of plaintiff's mule and severed the hoof from the leg, necessitating the killing of the mule; that the value of said mule was $162.50, which plaintiff claims from defendant.

The defendant admitted that either a wheel or a rail upon defendant's wagon passed over and severed the hoof of plaintiff's mule which brought about the necessity of killing it, but denied all the other allegations; it specially denied any negligence on the part of its driver, but averred it was the negligence of the plaintiff's driver in pulling his mule to the left which caused the accident.

There was judgment as prayed for against the defendant and it has appealed.

An examination of the testimony will show that the plaintiff has failed to make out his case.

There was only one witness on behalf of the plaintiff to testify how the accident happened and his testimony is unreliable.

His name is Frank Di Giovanni, employed to do hauling for the Green Hart Concrete Co; on the morning of the accident he was driving a truck; he was behind the plaintiff's wagon which was loaded with coal going in the same direction; and there was an automobile in front of him between his wagon and the plaintiff's; there was also an automobile parked on the other side of the street; when the defendant's truck passed the automobile the back of the trailer cut the mule's leg; the wagon was close to the right hand gutter curb; about one foot from it; he could not say what happened after the mule was struck, because there was another automobile in front of him, and he did not see when the hoof came off; after the accident he pulled on the side; the plaintiff's wagon was just walking along, while defendant's truck was going 15 or 20 miles an hour; defendant's wagon was an "automobile truck"; he did not notice the front part; he noticed the back wheels, they swung in closely to the mule; he does not know whether defendant's truck was traveling 15 or 20 miles because "he had to watch the car ahead"; he is positive the back wheels swung into the line of traffic; he was not watching the back wheels; there was another automobile in front of him and he was hugging the curb; his wagon passed the front portion of defendant's wagon; he did not see anything but the rail; he did not see when the mule was struck; he does not know whether it was the rail or the wheel that struck the mule; the rails swung out further than the curb; there were two men on defendant's wagon; he saw them talking to the driver; he does not know how many mules were pulling defendant's wagon.

The testimony of this witness is unreliable; first, because he swears the mules were running at the rate of 15 or 20 miles an hour, which is a physical impos-

sibility, especially when we consider that the defendant's wagon was loaded with four rails weighing each two tons, making eight thousand pounds; second, because without leaving the stand, he swears that defendant's wagon was an automobile truck, in direct contradiction of the fact that the wagon was drawn by five mules, and that he previously swore they were running at the rate of 15 or 20 miles an hour; and third, because he swore the rails in defendant's wagon swung out further than the curb, when they would have carried away, not only plaintiff's mule and wagon but also the automobile in the rear.

The testimony of this witness leads us to a strong suspicion that he was not a witness to the accident or if he was, that he was too willing.

The defendant on the other hand produces two witnesses, one John Jacob, the driver of defendant's wagon, on the occasion of the accident, and William Shakespeare, also an employee of the defendant, who was on defendant's wagon on the occasion of the accident.

The driver says that he was driving a five-mule team; he was driving down Howard street; there was a truck parked on the river side and another on the lake side; he had been driving for 30 years; he had four rails on his truck weighing a ton apiece; he was walking; a mule cannot go fifteen miles at any time; the plaintiff's wagon came up from Melpomene street on the lake side and he drove up by the wagon that was parked and his driver hallowed, and the mule put his leg between his hind wheel and the wagon; plaintiff's wagon was not standing on the lake side curb of Howard street; he came there as he passed; a young negro boy was driving plaintiff's wagon; when he proceeded between the parked cars the road was perfectly clear; he made no turn after he saw plaintiff's wagon; he was in the middle of the street; he thinks the wheel hit the mule; the rails were in the center of the road behind the wagon; he did not turn the back wheels; the plaintiff's wagon ran through there and jammed himself; if the driver had not jerked the mule back making the mule spread his hoof, the wheel would not have cut the mule's foot.

William Shakespeare is employed by defendant for the last three years; he was on the five-mule team wagon that day; there was an automobile parked on both sides; when they got near the automobile the coal wagon was passing the car and the driver held his mule and the mule struck his foot and the left hind wheel went right over it; when the defendant's wagon was passing between the two automobiles the coal wagon was not in sight and the way was clear to drive through; they were driving on a straight line, just walking; he saw the left hind wheel of defendant's wagon go over the mule's hoof; the plaintiff's driver was trying to pull his mule away from the hind wheel; witness was on the wagon that hit the mule; the hind wheel struck the mule; he was looking back because when they pass an automobile they have to notice the hind wheel; they did not swing out, because they did not have to go around a curve.

This testimony therefore establishes beyond a doubt that defendant's wagon was in the center of Howard street, parallel with the curb; and that it was the rear left wheel of defendant's wagon, and not the overhanging rails, that struck the mule's foot.

The five mules and the front wheels had already passed. It was daylight, and defendant's wagon as it came down the street was in full view of plaintiff's driver on his wagon. Had he been attending to his duties in a careful manner, it would have been an easy matter for him to have pulled

his mule to the right in a line parallel with the curb instead of attempting to back him, and thus plaintiff's driver would have avoided the accident.

There is no evidence that defendants' wagon swerved to the left in the rear and thus came in contact with the plaintiff's wagon. The accident appears to have happened for the sole reason that plaintiff's driver negligently failed to take the necessary precautions to keep out of harm's way.

For these reasons the judgment is reversed and plaintiff's demand is rejected at his cost in both courts.